FILED

2014 OCT -9  AM 10: 26

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
            DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

TANIMOLA AJAY EKUNDAYO,
            **Plaintiff,**

-vs-                                                    **Case No.  A-14-CA-142-SS**

PNC BANK, NATIONAL ASSOC. and DON W.
LEDBETTER, L.C.,
            **Defendants.**

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant PNC Bank, N.A. (PNC)'s Motion for Summary Judgment [#22], to which Plaintiff Tanimola Ajay Ekundayo has failed to respond.  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the summary judgment motion.

## Background

This is the second of two lawsuits filed by Ekundayo challenging PNC's foreclosure on the property located at 2402 Brooke Cove, Brenham, Texas 77833.  Ekundayo purchased the property in 2006, executing a Note and Deed of Trust in favor of National City Mortgage, predecessor-in-interest of PNC.  In late 2011, Ekundayo defaulted on the mortgage, and PNC scheduled the property for foreclosure to take place on May 7, 2013.

Ekundayo's complaint asserts claims for "breach of contract, negligence, Cloud of title [sic], Intentional infliction of Emotional distress [sic], conspiracy," and, so far as the Court can discern,

violation of the Real Estate Settlement Procedures Act (RESPA).[1] Most of the claims appear to stem from PNC's allegedly "dilatory tactics . . . in [Ekundayo's] inquiries concerning his loan and servicing issues . . . as it related to an usually [sic] high escalation in his escrow account." Compl. [#1-1] at ¶ 5.7. Specifically, Ekundayo complains PNC failed to respond to his inquiries about the perceived escrow irregularity, including a RESPA written request, and "g[ave] him the run around" when he attempted to negotiate a loan modification.

On May 3, 2013, Ekundayo filed his first lawsuit against PNC in state court, which was removed to this Court on May 24, 2013 and thereafter dismissed for want of prosecution on August 1, 2013. *See Ekundayo v. PNC Bank, N.A.*, No. 1:13-CV-433-SS (W.D. Tex. Aug. 1, 2013).[2] While that suit was pending, PNC notified Ekundayo he had been approved for a loan modification; Ekundayo never responded to the notice of modification, and PNC ultimately terminated it.

PNC thereafter rescheduled foreclosure on the property to take place on February 4, 2014. Ekundayo once again filed suit in state court the day the sale was to take place. PNC again removed the suit to this Court on May 14, 2014, invoking this Court's diversity jurisdiction.

---

[1] Ekundayo's complaint also mentions "retaliation," "contravention of [the] notice provisions of Texas Property Code § 51.002," and "the TEXAS FAIR DEBT COLLECTIONS PRACTICE ACT." With respect to "retaliation," it is not clear to the Court what cause of action Ekundayo is attempting to plead. Concerning the notice provisions of Texas Property Code § 51.002, the claim Ekundayo received no notice of acceleration of the loan strikes the Court as nonsensical, given that much of Ekundayo's complaint is premised on allegations PNC and Ekundayo participated in a long "back and forth" about potential modification of the loan agreement. PNC does not address the § 51.002 claim in its motion for summary judgment, but does note in a sworn affidavit that Ekundayo was notified of his default. *See* Holstein Aff. [#22-1], Ex. A, at ¶ 6. This sworn testimony meets PNC's burden, and Ekundayo has (obviously) failed to respond with evidence showing a genuine issue of material fact. Finally, concerning the "TEXAS FAIR DEBT COLLECTIONS PRACTICE ACT" allegation, as Ekundayo provides no citations in support, it is not clear to the Court whether Ekundayo is attempting to plead a cause of action under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, or under the Texas Debt Collection Act, TEX. FIN. CODE §§ 392.001 *et seq.* In any event, the vague allegation fails to state a claim.

[2] In dismissing the case, this Court sanctioned Ekundayo's counsel, Sonya M. Chandler-Anderson, in the amount of $25.00 for "violation of this Court's order and the rules of this Court, and her dereliction of her duty to represent her client." *Ekundayo v. PNC Bank, N.A.*, No. 1:13-CV-433-SS (W.D. Tex. Aug. 1, 2013).

On April 11, 2014, PNC attempted to contact Ekundayo to schedule the parties' Rule 26(f) conference; Ekundayo did not respond. *See* Def.'s Proposed Discovery Plan [#11], at ¶ 1. PNC thereafter submitted its Proposed Discovery Plan [#11] and Proposed Scheduling Order [#10] without input from Ekundayo. At some point thereafter, Ekundayo and PNC engaged in settlement negotiations and, on June 13, 2014, filed their Joint ADR Report [#19]. Since that date, no further activity has taken place on the docket save PNC's August 22, 2014 filings of a notice of appearance and a notice of service of Rule 26(a) disclosures, and PNC's August 25, 2014 filing of the instant motion for summary judgment.

Though his response to the motion for summary judgment was due on or before September 8, 2014, Ekundayo has failed to respond in any way. Accordingly, the Court GRANTS the motion as unopposed. *See* Local Rule CV-7(e)(2). Alternatively, the Court addresses the merits of the motion.

## Analysis

### I.     Motion for Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.     Jurisdiction

Two defendants are named in this action: PNC and Don W. Ledbetter, L.C.  As previously noted, Ledbetter is the Trustee under the parties' Deed of Trust.  Deed of Trust [#22-3], Ex. A-2, at 2.  Ledbetter is a citizen of Texas, *see* Notice of Removal [#1] at ¶ 12; accordingly, if he was properly joined to this suit, there is no diversity of citizenship, and removal was improper.

At the outset, however, the Court notes Ledbetter has never been made a party to this action, as nothing in the record indicates Ekundayo ever served Ledbetter with process.  Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  A plaintiff may avoid dismissal upon a showing of good cause for failure to effect service.  FED. R. CIV. P. 4(m).  Since this case was removed on February 14, 2014, Ekundayo had until June 16, 2014 to serve Ledbetter with process, *see Hickman v. U.G. Lively*, 897 F. Supp. 955, 959 (S.D. Tex. 1995) (where case is removed, 120-day clock runs from date of removal); he has apparently failed to do so, and the Court suspects he lacks good cause for that failure.

But even had Ekundayo properly served Ledbetter, the Court agrees with PNC that Ledbetter's joinder would be improper.   To prove improper joinder, a removing party must show the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[3]  *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).  In conducting an improper joinder analysis,

---

[3] The removing party may also show actual fraud in pleading the jurisdictional facts, *Cantor*, 641 F. Supp. 2d at 606, a theory PNC does not raise.  The Court notes, however, that Ledbetter was not joined in Ekundayo's first bite at this apple. *See Ekundayo v. PNC Bank, N.A.*, No. 1:13-CV-433-SS.

the court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.

*Id.* at 611 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

As PNC points out, Ekundayo's complaint names Ledbetter solely in connection with alleged "negligen[ce] in executing . . . premature foreclosure on [Ekundayo's] property . . . ." Compl. [#1-1] at ¶ 6.1. A viable negligence claim depends upon the existence of a duty flowing from Ledbetter to Ekundayo; trustees under a deed of trust owe the mortgagor "a duty to act with absolute impartiality and fairness . . . in performing the powers vested in him by the deed of trust." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011); *see also Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 717–18 (W.D. Tex. 2014) (stating negligence claim against trustee is grounded in duty to act with absolute impartiality and fairness). But because breach of that duty "may be stated under Texas law as a claim for wrongful foreclosure," a claim that a trustee has breached a duty owed to the mortgagor "requires that the property in question be sold at a foreclosure sale." *Id.* Here, there has been no foreclosure sale. Consequently, Ekundayo has no cause of action against Ledbetter under Texas law.[4] *See Marsh*, 760 F. Supp. 2d at 708–09.

---

[4] The only allegation Ekundayo pleads in support of his negligence claim against Ledbetter, moreover, is that Ledbetter "kn[ew] that the condition pre-subsequent [sic] to foreclosure has [sic] not taken place," presumably when Ledbetter scheduled the foreclosure sale. Compl. [#1-1] at ¶ 6.1. This is nothing but an unsubstantiated allegation that does not establish a reasonable, non-theoretical possibility that relief may be granted on Ekundayo's negligence claim against Ledbetter. *See Cantor*, 641 F. Supp. 2d at 611 (concluding allegation that defendant trustee "misrepresented her promise to perform her duties as substitute trustee[] by attempting to foreclose when that remedy is not properly available" failed to state a claim and did not support reasonable basis for recovery).

Accordingly, the Court finds Ekundayo has failed to make Ledbetter a party to this action, but that even had he done so, his joinder would be improper, as no reasonable basis exists for Ekundayo to recover against Ledbetter under Texas law.  Consequently, the Court concludes it has subject matter jurisdiction over this action.

## III.   Application

As previously noted, Ekundayo lists a flurry of causes of action in his complaint, including breach of contract, cloud on title (quiet title), negligence, intentional infliction of emotional distress, and civil conspiracy.  Further, some of Ekundayo's allegations suggest a claim under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 *et seq.*  All of Ekundayo's claims are meritless.

### A.   Breach of Contract

The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.  *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.).  Here, Ekundayo's breach of contract claim founders at the second element, as he has failed to perform his own contractual obligations; Ekundayo has paid nothing toward his mortgage loan since December 2011.  Holstein Dep. [#22-1], Ex. A, at ¶ 6.  "'It is a well-established rule that a party to a contract who is himself in default cannot maintain a suit for its breach.'"  *Von Scheele v. Wells Fargo Bank, N.A.*, No. SA-12-CV-00690-DAE, 2013 WL 5346710, at *5 (W.D. Tex. Sep. 23, 2013) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)) (holding mortgagor's breach of contract claim failed as a matter of law because he remained in default on his mortgage loan).

-7-

**B.     Quiet Title**

Ekundayo's claim to quiet title similarly fails.  To prevail in a suit to quiet title, a Texas

plaintiff must prove (1) his right, title, or ownership in real property; (2) that the defendant has

asserted a "cloud" on his property, meaning an outstanding encumbrance that, if it were valid, would

affect or impair the plaintiff's title; and (3) that the defendant's encumbrance is invalid. *Warren v.*

*Bank of Am., N.A.*, 566 Fed. Appx. 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Hous. Trees, Ltd.*,

352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).  As previously noted, Ekundayo

has been in default on his mortgage payments since late 2001 and has thus failed to establish "his

own superior right to the property, . . . render[ing] his quiet title claim defective." *Id.* at 383.

**C.     Negligence**

Ekundayo's negligence claim fails because he does not allege PNC breached a duty which

constitutes an independent tort, rather than arises directly from its contractual obligations.  The only

duty Texas courts have imposed between a creditor and a debtor is the duty to discharge its

contractual obligations properly, and a debtor may only recover for breach of that duty if the breach

constitutes a tort independent from the existence of the contract. *UMLIC VP LLC v. T&M Sales &*

*Envt'l Sys., Inc.*, 176 S.W.3d 595, 613 (Tex. App.—Corpus Christi 2005, pet. denied).  Here,

Ekundayo's allegations stem entirely from PNC's alleged breaches of the Note and Deed of Trust.

*See* Compl. [#1-1] at ¶¶ 6.1–6.4 (e.g., PNC "fail[ed] to follow the specific covenants of the Note

result[ing] in a breach of contract" and did not "adher[e] to the terms of their contract to stop all debt

collection efforts including foreclosure").  Thus, his allegations sound in contract, not in tort, and

cannot support a negligence claim.

**D.    Intentional Infliction of Emotional Distress and Civil Conspiracy**

Ekundayo's claims for IIED and civil conspiracy may be disposed of outright, as even affording his complaint a generous construction, Ekundayo utterly fails to plead the elements of either cause of action.  Ekundayo has not alleged he experienced severe emotional distress or that PNC engaged in any extreme and outrageous conduct.[5]  Even had he done so, "[t]he actions of a financial institution attempting to enforce its contractual right to foreclose on a deed of trust under which the homeowner has defaulted, without more, do not meet the high bar of 'outrageous' behavior." *Auriti v. Wells Fargo Bank, N.A.*, No. 3:12-CV-334, 2013 WL 2417832, at *8 (S.D. Tex. June 3, 2013).

Concerning civil conspiracy, Ekundayo has failed to identify any conspirators, any meeting of the minds, or any unlawful act said unknown conspirators set out to accomplish,[6] and has therefore fallen well short of federal pleading standards.  Moreover, to the extent he argues PNC is not entitled to foreclose on the property, "the evidence of record shows that [PNC] had physical possession of the Note and Deed of Trust, which entitles it to collect the debt and . . . foreclose on the associated security interest." *See Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, No. 4:11-1068, 2011 WL 2606359, at *6 (S.D. Tex. June 30, 2011) (rejecting plaintiff's civil conspiracy claim).  PNC is therefore entitled to judgment on both the IIED and conspiracy claims.

---

[5] An IIED plaintiff in Texas must show: "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999).

[6] The elements of civil conspiracy in Texas are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds of the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Wackman v. Rubsamen*, 602 F.3d 291, 408 (5th Cir. 2010) (quoting *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)).

**E.      RESPA**

Finally, to the extent Ekundayo attempts to make out a claim under RESPA, PNC is also entitled to judgment on that claim. RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to a "qualified written request" (QWR) from a borrower. *See* 12 U.S.C. § 2605(e)(1)(B).   A servicer must respond to a QWR if it requests or challenges information relating to the servicing of such a loan. *Id.* at § 2605(e)(1)A), (e)(2).  If the servicer fails to respond, the borrower may recover any actual damages. *Id.* at § 2605(f).

As far as the Court can discern, Ekundayo claims PNC violated RESPA by failing to "complete[ly]" respond to his alleged RESPA qualified written request (QWR). *See* Compl. [#1-1] at ¶ 5.12.  PNC responds the purported QWR was not a QWR within the meaning of RESPA, and the Court agrees with PNC.  Ekundayo's correspondence is not a QWR, but a "rambling, repetitive," eleven-page letter posing "discovery-style document demands and interrogatories," *Hopson v. Chase Home Fin. LLC*, —F. Supp. 2d—, No. 3:12CV505TSL-JMR, 2014 WL 1411811, at *7 (S.D. Miss. Apr. 11, 2014) (quoting *Watts v. Fed. Home Loan Mortg. Corp.*, No. 12-692, 2012 WL 6928124, at *5 (D. Minn. Oct. 30, 2012)), which are purportedly necessary to facilitate conducting "a complete exam, audit, review, and accounting of [his] mortgage loan from its inception until the present date." Plf.'s Alleged QWR [#22-6], Ex. A-5, at 1.  Even if somewhere in Ekundayo's eleven pages of interrogatories are requests for information about the servicing of his loan, the Court finds that on the whole, the letter cannot fairly be described as a QWR. *See Hopson*, 2014 WL 1411811 at *7 (concluding 191-question correspondence principally demanding information to facilitate an "audit" of plaintiffs' account was not a QWR, even if "one or more of [plaintiffs'] requests for information may have touched on . . . servicing practices").

**Conclusion**

Ekundayo has failed to make Ledbetter a party to this action; failed to state a claim against Ledbetter even had he been properly served; failed adequately to plead the majority of his claims; and, by failing to respond to PNC's motion for summary judgment, failed to show the existence of a genuine dispute as to any material fact to any claims properly pled.  PNC is therefore entitled to judgment.

Accordingly,

IT IS ORDERED that Defendant PNC Bank, N.A.'s Motion for Summary Judgment [#22] is GRANTED.

SIGNED this the 8th day of October 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE